UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 333 8TH STREET NE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TURNKEY TITLE, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 23-941 (JEB) |

## MEMORANDUM OPINION

This seemingly straightforward real-estate transaction unfortunately ended in disaster when money meant for Plaintiff 333 8th Street NE, LLC, was diverted into a fraudster's bank account. 8th Street responded with this suit, alleging that the title companies — Defendants Turnkey Title, LLC; Legacy Settlement Services, LLC; and Select Title and Escrow, LLC — were at the helm and are thus responsible. Legacy subsequently filed a Third-Party Complaint for contribution against the selling agent, Compass, Inc., alleging that it is liable under either a breach-of-fiduciary-duty or a negligence theory. Compass now moves to dismiss, arguing that it neither breached any fiduciary duty nor acted negligently. As the fiduciary-duty theory is lacking, the Court will dismiss that portion of the Complaint without prejudice and grant leave to amend. The negligence theory, however, is sufficient to survive Compass's Motion.

I.   **Background**

Because the Court has already covered the background of this case in a previous Opinion, see 333 8th St., NE, LLC v. Turnkey Title, LLC, 2023 WL 5528028, at *1–2 (D.D.C. Aug. 28,

1

2023), a brief recap will suffice. For purposes of the Motion, the Court credits the facts in the Third-Party Complaint as true.

8th Street attempted to sell its eponymous property and hired Compass, as selling agent, and Legacy, as the title company, to facilitate the sale. Id. at *1. The purchaser's title company was Turnkey. Id. Unbeknownst to 8th Street or the agents, a fraudster was in their midst. Id. During the closing on October 27, 2022, the fraudster, disguising himself as Legacy's Morgane Barry via a sham email address, caused Turnkey to wire money meant for 8th Street to the fraudster's account. Id.; see also ECF No. 29-4 (Legacy-Turnkey Email Thread). Compass does not appear to have been a party to these emails.

In the days that followed, Compass's agent, Catherine Arnaud-Charbonneau, received further emails from the fraudster, this time purporting to be Turnkey's Tammy Economes. See ECF No. 29-1 (Legacy-Turnkey-Compass Email Thread). These emails, sent to Arnaud-Charbonneau's Compass email address and Legacy's agents, offered various excuses for the delays in providing the executed documents and transferring the money to 8th Street. See id. at 15–16 ("There was a delay in disbursement of closing funds from the lender.") (sent October 28, 2022); id. at 10 ("Awaiting [the signed documents] from the post[-]closing department. [Y]ou will get them today as well.") (sent October 31, 2022). Legacy alleges that Compass "failed to communicate" with Plaintiff, Legacy, or Turnkey for days after receiving these communications. See ECF No. 78 (Third-Party Compl.), ¶¶ 17–19. Indeed, it appears that Arnaud-Charbonneau did not respond to the emails until November 1. See Legacy-Turnkey-Compass Email Thread at 7–8. As the Court previously observed, the delay caused by these additional emails "proved critical" to consummating the fraud, "as an apparently unwitting accomplice of the fraudster's

did not transfer the funds out of the original account until October 31, 202[2], four days after the illicit transfer." ECF No. 61 (June 6 Mem. Op.) at 7.

Unable to recover the funds, 8th Street first sued Turnkey, the buyer's title company, alleging a raft of common-law and statutory causes of action. See ECF Nos. 1 (Compl.), 12 (Am. Compl.). After surviving Turnkey's Motion to Dismiss for the most part, see 333 8th St., 2023 WL 5528028, at *5–8, 8th Street amended its Complaint for a second time to add, *inter alia*, claims against its own title company, Legacy. See ECF No. 29 (Second Am. Compl.), ¶ 1. Legacy moved to dismiss those claims, see ECF No. 51, which the Court declined to do. See June 6 Mem. Op.

Legacy then filed a Third-Party Complaint against Compass, the seller's agent, alleging one count of contribution. See Third-Party Compl., ¶¶ 21–30. Compass has now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. See ECF No. 85-1 (MTD) at 1.

## II.    Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." In evaluating Compass's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true and must grant [Legacy] 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

3

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Legacy must put forth "factual content that allows the court to draw the reasonable inference that [Compass] is liable for the misconduct alleged." Id.

**III.    Analysis**

Legacy's Complaint alleges that the company "is entitled to a judgment against Compass for contribution because [8th Street's] losses and/or damages jointly resulted from the breach of the Listing Agreement, breach of fiduciary duty, and professional negligence by Compass." Third-Party Compl., ¶ 30. In its Motion to Dismiss, Compass understands Legacy to be invoking three theories of liability — breach of contract, breach of fiduciary duty, and negligence. See MTD at 3–7. As Legacy disclaims the contract theory, see ECF No. 94 (Opp.) at 5 n.1 ("Compass also asserts a breach of contract argument, but Legacy's pleading lacks any contractual claim against Compass."), the Court will consider only the other two.

    A.   Breach of Fiduciary Duty

"To plead a claim for breach of fiduciary duty under D.C. law," Legacy "must allege facts sufficient to show that (1) [Compass] owed [8th Street] a fiduciary duty; (2) [Compass] breached that duty; and (3) the breach proximately caused an injury." Hedgeye Risk Mgmt., LLC v. Heldman, 412 F. Supp. 3d 15, 23 (D.D.C. 2019).

"D.C. statutory law prescribes the scope of the duties owed by real estate brokers." Coon v. Wood, 68 F. Supp. 3d 77, 86 (D.D.C. 2014) (citing D.C. Code § 42-1703); see also id. ("'The common law of agency relative to brokerage relationships in real estate transactions to the extent inconsistent with [§ 42-1703] shall be expressly abrogated.'") (quoting D.C. Code § 42-1703(n)). "Therefore, the fiduciary duties owed by the real estate agent are set by statute and modified by the contractual agreement of the parties." Id. As Legacy cites no contractual

4

agreement enhancing Compass's statutory duty, the Court concludes that its fiduciary duty to Plaintiff was coterminous with § 42-1703.

That section provides, in relevant part, that a seller's agent must "[p]romote the interests of the seller by . . . (iii) [d]isclosing to the seller material facts related to the property or concerning the transaction of which the licensee has actual knowledge; and (iv) [a]ccounting for in a timely manner all money and property received in which the seller has or may have an interest." D.C. Code § 42-1703(a)(1)(B)(iii)–(iv). Legacy alleges that Compass violated (B)(iv) "by failing to timely track or otherwise account for the Funds." Third-Party Compl., ¶¶ 25, 27. Compass contends that, if any part of § 42-1703 applies, it is (B)(iii), not (B)(iv). See MTD at 5.

Whether Compass is correct regarding (B)(iii), Legacy never explains why Compass is liable for not "accounting" for money "received." Indeed, Legacy does not allege that Compass actually received any funds. For the Court to find Compass liable under (B)(iv), then, it must assume that the accounting duty extends to funds received by others, yet Legacy does not explain why (B)(iv) should be read this way. Perhaps Legacy believes that Compass had a duty to "account for" all funds involved in the transaction, but it never explicitly says so.

Finding that Legacy's fiduciary-duty theory was inadequately pled, the Court will dismiss it without prejudice and grant leave to amend. Should Legacy accept that offer to amend, the Court expects it to chart a more careful course. It must be prepared to offer a fuller justification for the applicability of (B)(iv) in the event that the expected motion to dismiss ensues. In the alternative, it may wish to consider alleging a breach under (B)(iii). See MTD at 5.

B. Negligence

Legacy additionally alleges that 8th Street's "losses and/or damages jointly resulted from . . . professional negligence by Compass." Third-Party Compl., ¶ 30. To plead negligence,

it must adequately allege that a duty exists, that Compass breached that duty, and that the breach proximately caused 8th Street's damages. See Heidi Aviation, LLC v. Jetcraft Corp., 573 F. Supp. 3d 182, 196 (D.D.C. 2021).

Legacy has pled the existence of a duty by citing D.C. Code § 42-1703(a)(1)(D), which provides that real-estate agents "shall . . . [e]xercise ordinary care." Legacy has also alleged that Compass breached its duty by failing to act for several days despite receiving concerning emails regarding the transfer of funds. See Third-Party Compl., ¶¶ 17–19; Legacy-Turnkey-Compass Email Thread at 7–8. Finally, Legacy has adequately pled proximate cause by alleging that Compass's inaction contributed to 8th Street's loss. See Third-Party Compl., ¶ 30.

Compass protests that its agent was "not a party to the emails exchanged between 'Legacy' (in actuality, the fraudster) and Turnkey that resulted in the fraudulent wire transfer," ECF No. 97 (Reply) at 2 (apparently referring to the Legacy-Turnkey Email Thread), and it admits only to receiving "communications regarding the status of the Funds after the fraudulent wire transfer had occurred." Id. (apparently referring to the Legacy-Turnkey-Compass Email Thread) (emphasis omitted). As the Court has previously observed, however, the delay after the initial transfer was causally significant because "an unwitting accomplice of the fraudster's did not transfer the funds out of the original account until October 31, 202[2], four days after the illicit transfer." June 6 Mem. Op. at 7. As a result, the Court cannot conclude at this stage that the funds' eventual disappearance into a financial Bermuda Triangle was an unforeseeable consequence of Compass's alleged negligence.

As the case proceeds, however — perhaps at summary judgment — the parties will need to determine what standard of care applies under § 42-1703(a)(1)(D). It is unclear whether the statutory duty of "ordinary care" is identical to Legacy's proposed standard of "professional

negligence." See Third-Party Compl., ¶ 30; see also Org. of Chinese Americans, Inc. v. Damron, 2023 WL 2301977, at *7 (D.D.C. Mar. 1, 2023) (denying broker's motion to dismiss negligence claim under § 42-1703(a)(1)(D) and applying "a duty to use the skill, prudence, and diligence commonly employed by members of their profession"). Additionally, § 42-1703(n) — which neither party cites — provides that "[t]he common law of agency relative to brokerage relationships in real estate transactions to the extent inconsistent with this section shall be expressly abrogated." The Court has received no guidance from the parties as to how that section bears on the standard of ordinary care under § 42-1703(a)(1)(D). The parties, therefore, will need to consider whether a claim for negligence under § 42-1703(a)(1)(D) may stand on its own or requires a predicate breach of some other fiduciary duty enumerated under § 42-1703(a)(1).

**IV.   Conclusion**

For the foregoing reasons, the Court will grant Compass's Motion in part and deny it in part, permitting Legacy to amend. An Order so stating will issue this day.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  October 30, 2024

7